IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CV314** |
| Plaintiff, | ) ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **ADALID NAVA-ARCOS, a/k/a Ernesto Nava-Peralta,** | ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Plaintiff's Motion for Summary Judgment (Filing No. 17). The Plaintiff submitted a brief and index of evidence in support of the motion, and the Defendant has not responded. (Filing Nos. 18 and 19).

This is an action brought by the government pursuant to Section 340(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §1427, to revoke and set aside the order of naturalization of the Defendant, Adalid Nava-Arcos, a/k/a Ernesto Nava-Peralta (hereafter "Nava-Arcos") and to cancel his Certificate of Naturalization. The government attempted to serve Nava-Arcos at his last known address but was unsuccessful. Thereafter, the government was granted leave to serve the Defendant by publication, which was accomplished on December 27, 2004. (Filing No. 10). Nava-Arcos has not answered the complaint or otherwise appeared in this action. Even though Nava-Arcos is in default, the United States seeks summary judgment based on its evidentiary submissions pursuant to *Klapprott v. United States*, 335 U.S. 601, 612-13 (1949).

I find that this Court has jurisdiction pursuant to 28 U.S.C. § 1345, and the Court has jurisdiction over the parties. I have reviewed the evidence offered in support of the motion

for summary judgment at Filing No. 19.[1]  I find that the evidence is sufficient to establish the following undisputed, material facts that are necessary to the resolution of this case.

On September 24, 2002, Nava-Arcos was convicted on a plea of guilty in this Court of violating 18 U.S.C. §1424, for false personation in a naturalization proceeding.  (Exs. 1, 2, 3, and 4).  As part of the plea agreement with the government, Nava-Arcos agreed not to oppose future de-naturalization proceedings against him.  (Ex. 3).

In the proceedings leading up to and concluding in the issuance of Certificate of Naturalization No. 23639053, Defendant Nava-Arcos assumed the identify of his nephew, Ernesto Nava-Peralta.  On January 21, 1997, Nava-Arcos filed his application for naturalization with the INS.  In the application, Nava-Arcos stated that he had been a lawful, permanent resident for at least five years, which was not true, though Ernesto Nava-Peralta had been a lawful permanent resident alien since December 1, 1990.  On the Biographic Information Form, G-325, the Defendant indicated that his name was Ernesto Nava.  Defendant signed his application as Ernesto Nava.  On May 19, 1997, when the Defendant was interviewed under oath by an officer of the INS regarding his application for naturalization, the Defendant affirmed that he was Ernesto Nava-Peralta, he swore that the answers on his application were true and correct, and he also signed a statement to that effect.  (Exs. 5, 6, 7a-7e).  Based on this information, the INS approved the Defendant's application on June 5, 1997.  On July 3, 1997, the Defendant took the oath of allegiance and was issued Certificate of Naturalization No. 23639053.  The certificate

---

[1] All exhibits referenced in this Memorandum and Order may be found at Filing No. 19.

was issued in the name of Ernesto Nava-Peralta, but it contained the Defendant's picture. (Exs. 6 and 7d).

Pursuant to 8 U.S.C. §1451(a), a person's naturalization must be revoked and his certificate cancelled if his or her naturalization was illegally procured, or if it was procured by concealment of a material fact or by willful misrepresentation. Based on the undisputed facts, I conclude that the Defendant's naturalization was procured illegally, because the Defendant was never a lawful permanent resident of the United States, and, therefore, he did not satisfy the requirements of 8 U.S.C. § 1427. (Ex. 1-4, and 5). I also conclude that the Defendant's naturalization was procured based on the Defendant's willful misrepresentations that he was Ernesto Nava-Peralta. (*Id.*)

IT IS ORDERED:

1. The Plaintiff's Motion for Summary Judgment (Filing No. 17) is granted;

2. The July 3, 1997, naturalization of Adalid Nava-Arcos, a/k/a Ernesto Nava-Peralta, ordered by the Attorney General of the United States and admitting Adalid Nava-Arcos, a/k/a Ernesto Nava-Peralta, to United States' citizenship, is revoked and set aside;

3. Certificate of Naturalization No. 23639053, which was issued by the Attorney General of the United States, is cancelled;

4. From the date of this Memorandum and Order, Adalid Nava-Arcos, a/k/a Ernesto Nava-Peralta, is forever restrained and enjoined from claiming any rights, privileges, or advantages of United States citizenship based upon his July 3, 1997, naturalization;

5. Adalid Nava-Arcos, a/k/a Ernesto Nava-Peralta, shall immediately surrender and deliver his Certificate of Naturalization, any copies thereof in his possession, and any other indicia of United States citizenship, to the Attorney General of the United States or to his representative, the United States Attorney for the District of Nebraska;

6. The Clerk of the Court shall transmit a certified copy of this Memorandum and Order to the Attorney General of the United States; and

7. A separate judgment shall be entered forthwith.

DATED this 11th day of July, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge